# Friedman v. Nationwide Mutual Fire Insurance Company

*Leonard N. Ross,* for plaintiffs.
*Charles A. Fisher,* for defendants.

HILL, *J.,* March 6, 1986 — This matter involves a discovery request by defendants, which are two insurance companies, for the federal income tax returns of plaintiffs, who have made a claim pursuant to their policies.

Plaintiffs allege in their complaint that on November 19, 1981, burglars stole $25,000 in jewelry and clothing and $450 in cash from their home, and that defendants have failed to honor their claim under the policies. By way of new matter, defendants allege fraud based solely on plaintiffs' refusal to produce federal income tax returns pursuant to a routine examination required in their policies.

To put it another way, defendants do not directly state that plaintiffs engaged in fraud because the claim of burglary was fabricated or that the loss was exaggerated. Defendants merely contend that the failure of plaintiffs to disclose their income tax returns was "fraud" because they were required to do this under the policies.

Had defendants actually pleaded that the claim of burglary was fabricated, that the loss was fabricated or inflated, and set forth a minimum of specifics, then defendants might well have a reasonable basis for claiming that they should be permitted to inspect the income tax returns.

Defendants appear to be trying to do indirectly what they probably cannot do directly, i.e., examine the income tax returns as a matter of contractual right. The fact is that there is no language in either of defendants' policies which affirmatively requires plaintiffs to produce tax returns in connection with a claim.

Nationwide's policy ambiguously states that claimants must disclose "all pertinent records" for examination, and Jewelers Mutual's policy says nothing about producing documents at all.

As defendants have not pleaded a case of fraud with respect to the loss itself, they are not entitled to discovery related thereto, particularly discovery concerning the production of private information such as that contained in tax returns. This court declines,

therefore, to enforce a dubious contract provision under the guise of a right to discovery. To do this would mean that every time a policyholder makes a claim under the burglary and theft provision of a policy, the company would automatically be entitled without more to see the income tax returns of the policyholders.

The insurance companies involved could easily clarify their contract rights by specifically inserting in the policies a right to examine income tax returns in claims for reimbursement due to burglary and theft, but this they are apparently reluctant to do.

Accordingly, defendants' motion to vacate the court's previous order of December 9, 1985, is denied.